FOX v. NEW JERSEY STATE PAROLE BOARD                                           Doc. 3
Case 1:06-cv-02584-JBS   Document 3   Filed 06/02/2006   Page 1 of 8
Case 1:06-cv-02090-JBS-AMD   Document 3   Filed 06/02/2006   Page 1 of 8

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

06cv2584

JOHN A. FOX,                       :
                                   :   Civil Action No. 06-2090 (JBS)
            Movant,                :
                                   :
      v.                           :   **OPINION**
                                   :
NEW JERSEY STATE PAROLE            :
BOARD,                             :
                                   :
            Respondent.            :

**APPEARANCES:**

   JOHN A. FOX, Applicant pro se
   #288459/324121B
   South Woods State Prison
   215 Burlington Road South
   Bridgeton, New Jersey 08302

**SIMANDLE**, District Judge

   Movant, John A. Fox ("Fox"), a state prisoner currently confined at the South Woods State Prison in Bridgeton, New Jersey, brings this action in forma pauperis pursuant to 28 U.S.C. § 1915, seeking to leave to appeal the judgment of the Supreme Court of New Jersey with respect to its denial of a motion for reconsideration in which plaintiff challenged a parole decision by the defendant, the New Jersey State Parole Board. Having reviewed Fox's application to identify cognizable claims as required under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the action should be dismissed for want of jurisdiction.

## I. BACKGROUND

The following factual allegations are taken from Fox's application for relief and supporting papers, and are accepted as true for purposes of this review.

Fox alleges that a 29-month parole disqualifier was imposed by the respondent, the New Jersey State Parole Board ("the Board") on October 30, 2001. Thereafter, two 24-month parole disqualifiers were imposed. Fox appealed the Board's decision and the Superior Court of New Jersey, Appellate Division affirmed on February 19, 2004.

Fox claims that he did not receive the Appellate Division's decision until November 19, 2004, nine months later. Apparently, the decision was mailed to South Woods State Prison and then re-routed to Fox at Northern State Prison, where he was confined at that time. On November 25, 2004, Fox mailed a motion to file Nunc Pro Tunc a Notice of Petition for Certification to the legal aid services in Edison, New Jersey, asking for their assistance because he was indigent. The legal aid services in both Edison and Camden declined representation in December 2004.

On December 21, 2004, Fox submitted his motion to file Nunc Pro Tunc a Notice of Petition for Certification, as a pro se litigant, with the Clerk of the Supreme Court of New Jersey. He also sought indigent status. On May 16, 2005, the Supreme Court of New Jersey granted Fox leave to file his petition for

2

certification and allowed Fox to file for indigency status. The State filed an opposition to Fox's petition for certification on July 15, 2005. The Supreme Court denied certification in December 2005. Fox immediately filed a motion for reconsideration, which was then denied on March 23, 2006.

Fox complains that the decision by the Supreme Court of New Jersey was arbitrary and capricious. He asks this Court to grant him leave to appeal in the interest of fairness.

## II. ANALYSIS

In determining the sufficiency of a pro se application for relief, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a

3

complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Allston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

4

Here, Fox seeks leave to appeal from the denial of his motion for reconsideration before the Supreme Court of New Jersey. It is not clear whether he wishes to challenge the decision of the Parole Board here, or whether he desires to have his case reviewed by the highest state court.

Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). "Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III." In re TMI Litigation Cases Consol. II, 940 F.2d 832, 861-62 (3d Cir. 1991)(Scirica, J., concurring)(citing Hodgson v. Bowerbank, 5 Cranch (9 U.S.) 303 (1809)).

> Article III of the U.S. Constitution provides that:
>
> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing diversity jurisdiction or federal question jurisdiction must be alleged on the face of the

5

pleading. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). Lack of subject matter jurisdiction may be raised by the district court sua sponte at any time. Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908).

"[M]ere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983)(quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)). District courts do not "sit as super state supreme courts for the purpose of determining whether [issues] were correct under state law." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).

In the instant application, Fox asks this Court to entertain his appeal from a decision of the New Jersey Supreme Court, which denied his motion for reconsideration of the Court's denial of Fox's petition for certification. Fox's application to this Court must be denied because this Court lacks subject matter jurisdiction to entertain his appeal from a decision of a state court regarding an issue of state procedural law.

However, to the extent that Fox is seeking to challenge the Parole Board's February 19, 2004 decision denying parole, he must do so in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Fox's application in this instance is deficient

6

as a habeas petition because he fails to name his custodian as a party respondent; he fails to specify the grounds for habeas relief available to him; he fails to state any facts supporting grounds for habeas relief; and he fails to specifically request habeas relief under 28 U.S.C. § 2254.  See  28 U.S.C. § 2254; Rule 2(a) and (c) of the Rules Governing Section 2254 Cases in the United States District Court ("§ 2254 Habeas Rules").

Therefore, construing this application in a light most favorable to Fox, as a pro se litigant, the Court finds that this application for relief includes an inartfully drafted claim for habeas relief challenging the February 19, 2004 denial of parole decision.  Accordingly, the claim for habeas relief will be severed from this docket and a separate docket will be established by the Clerk of the Court for the § 2254 petition. The present docket will be closed and the new § 2254 docket will be opened for further proceedings.  The Court further will grant Fox 45 days leave to file an amended petition for habeas relief under § 2254 to cure the deficiencies in his petition as noted above.  The Clerk of the Court will be directed to provide Fox with a standard form for § 2254 habeas petitions.

### CONCLUSION

For all of the foregoing reasons, Fox's application for leave to appeal from an order of the Supreme Court of New Jersey denying his motion for reconsideration shall be dismissed for

lack of subject matter jurisdiction. Fox's "claim" for habeas relief with respect to the February 19, 2004 denial of parole decision will be severed from this docket and a separate docket will be established by the Clerk of the Court for the § 2254 petition. The present docket will be closed and the new § 2254 docket will be opened for further proceedings. Fox shall be granted 45 days from the entry date of the accompanying Order to file an amended habeas petition, on a standard form for § 2254 habeas petitions to be provided by the Clerk of this Court. Further, a separate Order, as required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) with respect to federal habeas petitions under § 2254, will be issued to notify petitioner of the consequences of filing a § 2254 action under the Antiterrorism Effective Death Penalty Act (AEDPA) and to give Fox an opportunity to file one all-inclusive § 2254 Application in his amended petition. An appropriate Order follows.

                                           **s/ Jerome B. Simandle**
                                           JEROME B. SIMANDLE
                                           United States District Judge

Dated: **June 2, 2006**