**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOHN A. FOX,           :<br>                       :<br>            Petitioner,  :<br>                       :<br>       v.              :<br>                       :<br>NEW JERSEY STATE PAROLE :<br>BOARD, et al.,         :<br>                       :<br>            Respondents.:<br>                       : | Civil No. 06-2584 (JBS)<br><br>O P I N I O N |

**APPEARANCES**:

    JOHN A. FOX, Pro Se
    Southwoods State Prison
    #288459/324121B
    215 Burlington Road, South
    Bridgeton, NJ 08302

    CHRISTOPHER C. JOSEPHSON, Deputy Attorney General
    Office of the New Jersey Attorney General
    P.O. Box 112
    Trenton, New Jersey  08625-0112
    Attorney for Respondents

**SIMANDLE**, District Judge

    Petitioner, John A. Fox, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254(a), challenging a decision of the New Jersey State Parole Board denying release on parole and imposing a 29-month future parole eligibility term. Respondents filed an Answer, and Petitioner replied to the Answer by letter filed on November 16, 2006.  For the reasons expressed below, the Court dismisses the Petition, and denies a certificate of appealability.

## BACKGROUND

The relevant facts and procedural history of this case was set forth in the opinion of the Superior Court of New Jersey, Appellate Division, affirming the denial of Petitioner's parole and imposition of the 29-month future eligibility term:

> Petitioner's present aggregate sentence of eighteen years imprisonment, six years without parole, was imposed on February 7, 1997 as a result of petitioner's guilty pleas to seven crimes: one second-degree burglary, one second-degree attempted burglary, three third-degree burglaries, and two third-degree attempted burglaries.  His prior involvement with the criminal justice system included seven adjudications as a juvenile delinquent and three violations of juvenile probation.  His adjudications of juvenile delinquency, if petitioner had been an adult, would have constituted convictions for the offenses of theft (twice), sexual contact (twice), criminal trespass, criminal mischief, and receiving stolen property.  His adult criminal record included convictions for taking a means of conveyance, possession of cocaine, receiving a stolen automobile, burglary, criminal mischief, and criminal trespass.  He violated his adult probation six times.
>
> After a complete review of the record of the proceedings before the two-member Board panel, the full Board rendered its decision, advising petitioner of its findings:
>
>> The full Board finds that the record reflects and confirms the panel findings that you have an extensive prior record, that your record is increasingly more serious, that you are presently incarcerated for a multi-crime offense, that prior opportunities on probation failed to deter criminal behavior, that your institutional misconduct has resulted in loss of commutation credit, that you have a serious substance abuse problem that has yet to be addressed, that you lack insight into your criminal behavior and that you minimize your conduct.  The full Board also notes the panel considered a risk

2

> assessment instrument and professional reports.
>
> Pursuant to N.J.S.A. 30:4-123.53(a), the Board concluded: "The full Board has determined that the panel did document by a preponderance of the evidence that a substantial likelihood exists you will commit a crime if released on parole."
>
> We have reviewed the Board's decision in order to determine if it exercised its power arbitrarily or capriciously.  We are satisfied from a review of the record that the Board appropriately exercised its discretion in accordance with all legal principles and precedents in denying petitioner's application for parole release and in fixing his future eligibility term at twenty-nine months.  This appeal is without sufficient merit to warrant discussion in a written opinion.

See Fox v. Parole Board, A-0517-02T2 (App. Div. Feb. 19, 2004), Exhibits Ra1-Ra4 to Affidavit of Christopher C. Josephson ("Josephson Affidavit").

Following the Appellate Division's decision, Petitioner filed a petition for certification to the New Jersey Supreme Court, which was dismissed on December 8, 2005.  See Josephson Affidavit, Ra5.

On June 2, 2006, Petitioner filed the § 2254 Petition presently before this Court.  Petitioner asserts the following claims, citing New Jersey law:

1. The Board Panel or Board member was presented with inaccurate information and such information substantially effected the decision being appealed.

2. Significant information which was not considered warrants review of the decision being appealed.

      3.    The hearing officers or a board member has failed to comply with the board's professional code of conduct by arbitrarily and capriciously omitting the facts presented by petitioner during the parole hearing.

      4.    Petitioner was denied parole three times for inaccurate claims, false allegations, and reasons not based on the facts.

Respondents filed an Answer, accompanied by a Brief and Affidavit, on November 3, 2006.  On November 16, 2006, Petitioner filed a letter in response to the Answer.

## STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of state courts.  See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996).  Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary."  Stevens v.

Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits" in state court proceedings[1], § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

---

[1] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. See Rompilla, 355 F.3d at 247.

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.  See id. at 409-10.

A court begins the analysis by determining the relevant clearly established law.  See Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004).  Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412.  A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

## DISCUSSION

A. State Law Claims

Petitioner seeks habeas relief on the ground that the Parole Board used inaccurate information in denying parole and imposing a 29-month future parole eligibility term, contrary to New Jersey administrative regulations.  Specifically, Petitioner contends

that his prior criminal history was inaccurately reflected by the Board, and that the Board did not consider serious instances of personal medical family emergencies.  Petitioner also claims that the hearing officers laughed at him when they imposed the 29-month FET and told him to "take it up on appeal."

These claims, however, do not assert a violation of federal law.  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  Smith v. Phillips, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."  Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

Although Petitioner asserts that the parole board violated New Jersey law, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).  Moreover, "errors of state law cannot be repackaged as federal

7

errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). As the United States Court of Appeals for the Third Circuit observed in another habeas case challenging a decision of the New Jersey State Parole Board,

> While one might second-guess the Parole Board's decision, and state court's approval of it, it is not the role of the federal courts to do so. Our review, and that of the District Court, is quite distinct from that of the state appellate courts. The Supreme Court has explained that because our review on habeas is collateral, and not supervisory, not every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a failure to observe that fundamental fairness essential to the very concept of justice.

Hunterson v. DiSabato, 308 F.3d 236, 244-45 (3d Cir. 2002) (citations and internal quotation marks omitted). Because Petitioner does not assert a violation of federal law, his claims are not cognizable under § 2254.

B.  Procedural Due Process

Moreover, the Court does not find that Petitioner presents a due process violation. The Due Process Clause applies when government action deprives a person of liberty or property. See Greenholtz v. Inmate of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Liberty interests protected by the Due Process Clause may arise from the Due Process Clause itself or from the laws of the states. See Sandin v. Conner, 515 U.S. 472,

483-84 (1995).  A state may also create a liberty interest that is protected by due process.  See id. at 483-84; Greenholtz, 442 U.S. at 8-12.  An inmate has no liberty interest arising by force of the Due Process Clause itself in being released on parole prior to the expiration of his sentence.  See Greenholtz, 442 U.S. at 7.

Assuming without deciding that Petitioner has a state-created liberty interest in the expectancy of parole release at the time of eligibility, absent the requisite finding that one of the justifications for deferral exists, see Greenholtz, 442 U.S. at 8-16, the Court finds that Petitioner is not entitled to habeas relief.  In Greenholtz, the Supreme Court recognized that Nebraska had created a liberty interest in the expectancy of parole release, but the Court held that Nebraska had provided due process by requiring notice of the parole eligibility hearing, an opportunity for the inmate to appear at the eligibility hearing and present statements and letters on his own behalf, and a statement informing him why parole was denied.  See Greenholtz, 442 U.S. at 14-16.  In this case, given that Petitioner had a parole eligibility hearing before the two-member panel and he had the opportunity to present additional evidence to the full parole board before they ruled, this Court finds that the Appellate Division's adjudication of his claims was not contrary to or an unreasonable application of Greenholtz.

C.  Substantive Due Process

The Supreme Court has held that "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful governmental actions regardless of the fairness of the procedures used to implement them." Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  However, the Supreme Court has made clear that, when an executive action is at issue, only the most egregious, conscience-shocking conduct will be considered arbitrary in the constitutional sense.  See County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998) ("conduct intended to injure in some way unjustifiable by any government interest is the sort of action most likely to rise to the conscience-shocking level").

In this case, the Appellate Division examined whether the Board's decision was arbitrary or capricious and found:

> We have reviewed the Board's decision in order to determine if it exercised its power arbitrarily or capriciously.  We are satisfied from a review of the record that the Board appropriately exercised its discretion in accordance with all legal principles and precedents in denying petitioner's application for parole release and in fixing his future eligibility term at twenty-nine months.  This appeal is without sufficient merit to warrant discussion in a written opinion.

See Josephson Affidavit at Ra3-Ra4.

This Court holds that the Appellate Division's adjudication of Petitioner's claims was not an unreasonable application of United States Supreme Court precedent.  See Hunterson, 308 F.3d at 247-48.

10

D.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

**CONCLUSION**

Based on the foregoing, the Court denies the Petition for a Writ of Habeas Corpus, and denies a certificate of appealability. An appropriate Order accompanies this Opinion.

       **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated:   **April 9, 2007**

11